Devine v. Chicago City Railway Co., 185 Ill. App. 220.

**John F. Devine, Administrator, Appellant, v. Chicago City Railway Company, Appellee.**

**Gen. No. 18,869.   (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 5, 1914. Rehearing denied March 17, 1914.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Edward B. Johnson, deceased, against Chicago City Railway Company to recover under the statute for causing the wrongful death of deceased. The deceased was struck by a northbound street car while attempting to cross the tracks from behind a southbound car at a point where the southbound car had stopped to receive passengers. From a judgment entered in favor of defendant upon a directed verdict at the close of all the evidence, defendant appeals.

HOLLETT, SAUTER & HENKEL, for appellant.

JAMES G. CONDON and WATSON J. FERRY, for appellee; LEONARD A. BUSBY, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 138*—*when direction of verdict is error.* In an action against a street railway company to recover for the death of plaintiff's intestate where the evidence showed that the deceased, in the nighttime, was struck by a northbound street car when he attempted to cross the tracks at a crossing from behind a southbound car, *held* that a direction of a verdict in favor of defendant was error, there being some evidence tending to show that

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the view of deceased was obstructed by the southbound car and that the northbound car was running at a high rate of speed.

2. STREET RAILROADS, § 94*—*right of pedestrian to rely on care of company.* A pedestrian in attempting to cross street car tracks around the rear of a car which had stopped to receive passengers has a right to presume and to rely to some extent, at least, upon the presumption that a car coming from the opposite direction would not approach without warning.

3. STREET RAILROADS, § 95*—*effect of failure to stop, look and listen.* Mere failure of a person to stop, look and listen as he approaches a railroad crossing is not necessarily negligence on his part, as a matter of law, and whether such failure is negligence, in fact, depends upon the facts and circumstances surrounding the accident.